UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN M. GOLDSTEIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of the Social Security Administration and the Social Security Administration,<br><br>　　　　Defendants. | Case No. 5:13-cv-03504 HRL<br><br>**ORDER DENYING MOTIONS FOR JUDGMENT AND FOR REVERSAL ORDER**<br><br>[Re: Dkt. Nos. 7, 9, 10] |

Pro se plaintiff Steven M. Goldstein filed this action, seeking judicial review of a Social Security Administration decision re benefits. Pending before the court is his "Rule 12 Motion for Judgment on the Pleadings" in which he says he is entitled to judgment because defendants failed to respond to his complaint. (Dkt. 7). Plaintiff subsequently filed a "Motion for Hearing, Amend, and Request for Reversal Order Issued to The Social Security Administration" (Dkt. 9), followed several weeks later by a second "Motion for Hearing, Amend, and Request for Reversal Order Issued to The Social Security Administration" (Dkt. 10). These latter two motions argue that plaintiff is entitled to judgment on the merits and appear to be an effort by plaintiff to supplement his first motion.

Having reviewed plaintiff's motions and the record in this case, this court concludes that

all of the motions should be denied because service has not been properly effected.[1] The record presented indicates that plaintiff prepared a single summons directed only to "Social Security Administration Office of the General Counsel" at an address in San Francisco, California and then sent the complaint and summons by certified mail to that address and to the U.S. Attorney General at an address in Washington, D.C. (Dkt. 4). That does not satisfy the requirements for service under Fed. R. Civ. P. 4(i). Among other things, there is no indication that plaintiff served a summons and complaint on "the United States attorney for the district where the action is brought . . .." Fed. R. Civ. P. 4(i)(1)(A)(i). Inasmuch as the time for service has expired, plaintiff will be given additional time until May 30, 2014 in which to properly effect service on defendant. Fed. R. Civ. P. 4(m).

As for plaintiff's second and third motions, they were not properly noticed in compliance with Civil Local Rule 7-2(a). Moreover, unless the court orders otherwise, matters brought for judicial review of administrative decisions by the Social Security Administration are deemed submitted for decision without oral argument. (Dkt. 2, Procedural Order for Social Security Review Actions). In any event, it would be premature to enter judgment on the merits before defendants properly have been served.

To the extent he has not already done so, plaintiff is strongly encouraged to contact the Federal Legal Assistance Self-Help Center (FLASH), located on the second floor of the Federal Courthouse in San Jose. Appointments with FLASH may be made by signing up at the Center or by calling 408-297-1480.[2]

SO ORDERED.

Dated:  April 21, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Contrary to plaintiff's assertions, the filing of his executed summons (Dkt. 4) was a perfunctory act by the Clerk's Office and not an indication that the court had actually considered the propriety of service.

[2] Additionally, plaintiff is admonished to stop calling chambers with respect to matters pending before the court. See, e.g., Civ. L.R. 11-4(c).

5:13-cv-03504-HRL Notice has been electronically mailed to:

Steven Michael Goldstein     GoldyCISSP@hotmail.com