UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN M. GOLDSTEIN,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:13-cv-03504 HRL<br><br>**ORDER (1) DENYING PLAINTIFF'S "MOTION TO QUASH CLOSURE OF CASE AND REMAND ORDER"; AND (2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Re: Dkt. Nos. 35, 36] |

On January 12, 2015, this court issued an order remanding this case pursuant to 42 U.S.C. § 405(g), sentence six. Plaintiff objects to that order, arguing that no final judgment should be entered on a sentence-six remand and that this litigation should not have been terminated. This court has not entered a judgment of any sort in this matter. Nor has this litigation been terminated. This matter has only been administratively closed to reflect that, during the pendency of the remand proceedings, this case is not on this court's docket of active litigation. The administrative closure is without prejudice to have the matter re-opened following the completion of the remand proceedings, as may be appropriate. Plaintiff's "Motion to Quash" is denied.[1]

---

[1] The docket reflects that plaintiff noticed this motion for a January 27, 2015 hearing. The motion was not properly noticed in compliance with this court's Civil Local Rules. And, in any event, the matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b).

Plaintiff also moves for reconsideration of the remand order,[2] arguing that the court erred in its interpretation of § 405(g), sentence six and wrongfully relied on certain cases. Essentially, plaintiff disagrees with the way in which courts, including the U.S. Supreme Court and the Ninth Circuit, have interpreted § 405(g) with respect to sentence six remands. Nevertheless, the law accurately is stated in this court's January 12 remand order, and the portions of the cases upon which this court relied support the propositions for which they were cited. Plaintiff otherwise reiterates arguments he previously raised and which this court considered and found unpersuasive. Civ. L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions."). Plaintiff's motion for reconsideration is denied.

SO ORDERED.

Dated:   January 21, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's motion is procedurally improper. Litigants seeking reconsideration are required to seek leave from the court before filing such motions. Civ. L.R. 7-9(a). This court nevertheless has considered plaintiff's motion for reconsideration in its entirety.

5:13-cv-03504-HRL Notice has been electronically mailed to:

Lynn M. Harada     Lynn.Harada@ssa.gov, ODAR.OAO.COURT.1@ssa.gov, sf.ogc.ndca@ssa.gov

Steven Michael Goldstein     GoldyCISSP@hotmail.com

3