UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN M. GOLDSTEIN,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.  5:13-cv-03504 HRL<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND REMAND ORDER AND DENYING MOTION FOR INTERIM BENEFITS**<br><br>[Re:  Dkt. Nos. 35, 36] |

On January 12, 2015, this court granted the Commissioner's request for remand pursuant to 42 U.S.C. § 405(g), sentence six because she advised that she could not locate the administrative record, which is necessary for proper judicial review of this matter.  Upon remand, defendant said that the Appeals Council would try to recreate the record, or if that is not possible, then the Appeals Council would remand the case to an administrative law judge (ALJ) to reconstruct the record, offer plaintiff a new hearing, and issue a new decision.

Although plaintiff does not challenge the propriety of the remand order (Dkt. 40 at 7), he now requests that this court order that "the remand must have been acted on within 180 days from [the court's] order."  (Dkt. 39 at 5).  He also requests an order requiring the Commissioner, in the interim, to pay him the benefits to which he claims he is entitled.  The Commissioner opposes plaintiff's requests.  Plaintiff did not properly notice his motions in compliance with Civil Local Rule 7.  Nevertheless, the matter is deemed suitable for determination without oral argument, and

the noticed April 21, 2015 hearing is vacated.[1] Upon consideration of the moving and responding papers, plaintiff's request for interim benefits is denied, but the court will require the Commissioner, within 180 days of this order, to either re-create the administrative record or remand the matter to an ALJ to reconstruct the record and offer plaintiff a new hearing.

Neither side has cited (and this court has not found) Ninth Circuit authority on point.

With respect to plaintiff's request for payment of interim benefits, courts apparently disagree whether a district court has the authority to order such payments. Plaintiff points out that some courts have ordered payment of interim benefits, based on the court's broad remedial powers, where a claimant faces unreasonable delays attributable to the Commissioner. See, e.g., Dandeneau v. Heckler, 607 F. Supp. 583 (D. Maine 1985) (ordering payment of interim benefits where remand was required because the defendant filed a defective transcript). However, this court finds more persuasive the decisions of other courts, which hold that absent explicit statutory authorization, district courts cannot use remedial powers to order the Commissioner to pay interim benefits. See, e.g., Mullen v. Sec'y of Health & Human Servs., 878 F. Supp. 682, 684-85 (D. Del. 1995).

Moreover, defendant points out that, while there is authority for the payment of interim benefits to individuals who are appealing the termination of their disability benefits, see e.g., 20 C.F.R. § 404.1597a, she argues that this is not such a case. Plaintiff says that it has already been determined that he is disabled. But, he currently is receiving disability payments. And, in any event, those disability benefits are not the ones at issue in this litigation. In this case, the parties apparently disagree over plaintiff's claim that he is entitled to survivor's benefits based on retirement benefits that had been received by his (now deceased) father.

Plaintiff argues that he has had to wait 4 years to obtain this court's remand order. (Dkt. 40 at 1). But, it is not apparent on this record that all of the time that has passed was due to administrative delays by the Commissioner. According to the complaint, the ALJ's adverse

---

[1] The Commissioner's request to appear at the hearing by phone is denied as moot (Dkt. 44).

decision was issued in July 2011, and it was not until June 2013 that the Appeals Council denied plaintiff's request for review. Plaintiff then filed the instant lawsuit in July 2013. But service was not effected on defendant until the end of April 2014, and plaintiff subsequently filed an amended complaint in May 2014. In any event, within the 90-day period for defendant's response to the original complaint, defendant promptly moved for remand, advising that the administrative record could not be located.

As for plaintiff's request for an order setting time limits on remand, the Commissioner argues that this court has no authority to do that either. As observed by the Supreme Court in Heckler v. Day, 467 U.S. 104 (1984), Congress has repeatedly considered, but consistently declined to set mandatory deadlines for the resolution of disputed disability claims. And, the Commissioner correctly notes that Day held: "In light of the unmistakable intention of Congress, it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims." Id. at 119. At issue in Day, however, was the district court's order, granting broad, across-the-board, prospective relief and imposing mandatory deadlines on all future disability claims.[2] And, the court in Day went on to note: "We make clear that nothing in this opinion precludes the proper use of injunctive relief to remedy individual violations of [42 U.S.C.] § 405(b)," which essentially requires administrative hearings to be held within a reasonable time. Id. at 119 n.33. After Day, courts have set specific time limits on remand in individual cases where there was undue delay caused by the Social Security Administration, even where the case in question did not raise claims of delay in violation of 42 U.S.C. § 405. See, e.g., Guzzi v. Heckler, 617 F. Supp. 916 (S.D. Fla. 1985) (ordering defendant to give plaintiff a new hearing within 120 days of from the date of the court's order where plaintiff was twice denied benefits and faced further delay because defendant could not find records of his case); Balladarez v. Colvin, No. CV 13-9490-MAN, 2014 WL

---

[2] Because the Day court held that the district court's injunction was invalid, it did not address the propriety of the district court's order requiring payment of interim benefits, which was conditioned on non-compliance with the injunction.

3

7185342 at *16 (C.D. Cal., Dec. 16, 2014) (setting specific time limits on remand where the defendant agreed to a voluntary remand for further development of the record and where the Appeals Council admitted that its decision denying review of the ALJ's decision, made after years of delay, was error).  As discussed above, the court does not find the delay in this action to be as egregious as those discussed in other cases; nor is all of the delay attributable to the Commissioner.  Nevertheless, the fact remains that remand was necessitated, and plaintiff now faces delays, because the Social Security Administration apparently lost the administrative record.  Accordingly, the Commissioner shall, within 180 days of this order, either re-create the administrative record or remand the matter to an ALJ to reconstruct the record and offer plaintiff a new hearing.  Plaintiff's motions for relief are otherwise denied.

SO ORDERED.

Dated:   April 17, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:13-cv-03504-HRL Notice has been electronically mailed to:

Lynn M. Harada     Lynn.Harada@ssa.gov, ODAR.OAO.COURT.1@ssa.gov, sf.ogc.ndca@ssa.gov

Steven Michael Goldstein     GoldyCISSP@hotmail.com