UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN M. GOLDSTEIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.  5:13-cv-03504 HRL<br><br>**ORDER DENYING PLAINTIFFS' "MOTION FOR REVERSAL" AND REVISED "MOTION FOR REVERSAL"**<br><br>[Re: Dkt. Nos. 46, 47, 48] |

Plaintiff has filed a motion and an amended motion seeking "reversal" of the portion of the court's April 17, 2015 order denying his request for payment of interim benefits. Both motions, which are construed as ones for reconsideration, are procedurally improper.[1] The court nevertheless has reviewed them and considered the matter. They are deemed suitable for determination without oral argument.[2]  Civ. L.R. 7-1(b). For the reasons stated below, plaintiff's motions are denied.

---

[1] The instant motions were noticed for a hearing on less than 35 days from the filing date and at a time that does not coincide with this court's civil law and motion calendar. Civ. L.R. 7. Moreover, as plaintiff has previously been told, litigants seeking reconsideration are required to seek leave from the court before filing such motions. Civ. L.R. 7-9(a). And, such motions are set for hearing only by court order. Civ. L.R. 7-9(d). Although plaintiff is representing himself, he is obliged to obey rules that all litigants must follow, and there are only so many procedural missteps that the court fairly can countenance.

[2] Defendant's request for permission to appear by phone at the motion hearing is denied as moot.

1    Plaintiff argues that this case is factually distinguishable from Mullen v. Sec'y of Health &
2 Human Servs., 878 F. Supp. 682 (D. Del. 1995). This court, however, cited Mullen for the general
3 legal principle that, absent explicit statutory authorization, district courts cannot use remedial
4 powers to order the Commissioner to pay interim benefits. Plaintiff has not persuaded the court
5 otherwise.

6    Plaintiff says that he sent several requests to the Appeals Council, seeking review of the
7 2011 adverse ALJ decision in question. That has already been pointed out in his other filings
8 (Dkt. 24-1 at 4), and this court took that into account when it said that the Appeals Council did not
9 deny plaintiff's request for review until 2013. In any event, that does not change this court's
10 principal holding that, absent express statutory authorization, district courts cannot use remedial
11 powers to order the Commissioner to pay interim benefits.

12    Plaintiff also points to a separate dispute he has with the Social Security Administration
13 (SSA) concerning the SSA's claim that it overpaid his disability benefits. He argues that there
14 have also been delays and administrative mistakes in connection with that dispute and that the
15 SSA is retaliating against him in that matter for pursuing the instant appeal. But, as noted in the
16 April 17 order, the fact remains that plaintiff's disability benefits are not the ones at issue in this
17 litigation. This appeal concerns his contention that the ALJ erred in denying his claim to survivor
18 benefits, and this court is unpersuaded that actions reportedly taken with respect to his disability
19 benefits entitles plaintiff to interim payments of the survivor benefits that are the subject of the
20 instant appeal.

21    Plaintiff's motions for reconsideration of the April 17, 2015 order are denied.

22    SO ORDERED.

23 Dated: May 18, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:13-cv-03504-HRL Notice has been electronically mailed to:

Lynn M. Harada     Lynn.Harada@ssa.gov, ODAR.OAO.COURT.1@ssa.gov, sf.ogc.ndca@ssa.gov

Steven Michael Goldstein     GoldyCISSP@hotmail.com

3