UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN MICHAEL GOLDSTEIN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, et al.,<br><br>　　　　　　Defendants. | Case No.   5:13-cv-03504-HRL<br><br>**ORDER DENYING PLAINTIFF'S "MOTION TO SET ASIDE JUDGMENT"**<br><br>Re: Dkt. Nos. 50, 52 |

　　　　In this action, plaintiff appeals the Commissioner's decision denying his claim for survivor benefits based on retirement benefits paid to his (now deceased) father. This court previously denied plaintiff's request for interim payment of those claimed benefits. Now before the court is plaintiff's "Motion to Set Aside Judgment and Provide Interim Benefits via 42 USC 423(g)&(h)." In effect, this is plaintiff's second motion for reconsideration of this court's decision denying his requests for payment of interim survivor benefits. The matter is deemed submitted without oral argument. Civ. L.R. 7-1(b); 7-9(d).[1] For the reasons stated below, plaintiff's motion is denied.

　　　　Plaintiff argues that 42 U.S.C. § 423(g) provides express authority for an award of interim survivor benefits because the statute applies "[i]n any case where an individual is a recipient of disability insurance benefits, *or* of child's, widow's, or widower's insurance benefits based on

---

[1] Defendant's motion for leave to appear by phone at the motion hearing is denied as moot.

disability . . ..” 42 U.S.C. § 423(g)(1)(A) (emphasis added).  However, § 423(g) “authorizes interim benefits to individuals appealing the termination of their disability benefits on account of an official determination that they are no longer disabled.”  Taylor v. Heckler, 769 F.2d 201, 202 (4th Cir. 1985) (emphasis added) (citing S.Rep. No. 648, 97th Cong., 2d Sess. 6–7 (1982), reprinted in 1982 U.S.Code Cong. & Ad.News 4373, 4377–78; H.Conf.Rep. No. 985, 97th Cong., 2d Sess. 10 (1982), reprinted in 1982 U.S.Code Cong. & Ad.News, 4399, 4400); see also Jackson v. Colvin, No. 14-MC-18S, 2014 WL 6908895 at *2 (W.D.N.Y., Dec. 9, 2014) (“The Social Security Act authorizes interim benefits only when a claimant has been awarded benefits that were subsequently terminated.”).  The instant case is not a situation where the subject benefits were awarded to plaintiff and then subsequently terminated.  And, while some courts conclude that they have inherent power to award interim benefits in original entitlement cases, this court has already stated its agreement with those that hold that courts cannot use such remedial powers absent express statutory authority.

As for 42 U.S.C. § 423(h), that subsection appears to allow payment of interim benefits in situations where an administrative law judge (ALJ) has issued a favorable decision to the claimant. 42 U.S.C. § 423(h)(1).  In this case, the ALJ issued a decision adverse to plaintiff.

Plaintiff's second motion for reconsideration is denied.

SO ORDERED.

Dated:  July 27, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

2

5:13-cv-03504-HRL Notice has been electronically mailed to:

Lynn M. Harada     Lynn.Harada@ssa.gov, ODAR.OAO.COURT.1@ssa.gov, sf.ogc.ndca@ssa.gov

Steven Michael Goldstein     GoldyCISSP@hotmail.com

3