UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN MICHAEL GOLDSTEIN,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br><br>  Defendant. | Case No.  5:13-cv-03504-HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION**[1]<br><br>Re: Dkt. Nos. 56, 57, 58, 62 |

Before the court are plaintiff's third and fourth motions for reconsideration of this court's orders denying his request for interim payment of his claimed survivor benefits based on his (now deceased) father's retirement benefits.  Pursuant to Civil Local Rule 7–9(a), motions for reconsideration may not be filed without leave of court.  Civ. L.R. 7–9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.").  Plaintiff has repeatedly been told that his motions for reconsideration are procedurally improper, but he nonetheless persists in filing motions that do not comply with the court's rules.  He has not sought leave of court to file such motions.  And, although Civil Local Rule 7-9(d) provides that no hearings will be held on such motions unless ordered by the court, plaintiff continuously notices

---

[1] Plaintiff's "Motion for Intervention" is denied as moot, the December 8, 2015 hearing is vacated, and defendant's motion for telephonic appearance is denied as moot.  Plaintiff's "Motion for Intervention" is, in any event, not a proper one.

his improper motions for hearing---and on less than 35 days notice in violation of Civil Local Rule 7-2. Plaintiff is representing himself, but that does not excuse him from complying with rules that all litigants are obliged to follow. Once again, plaintiff has not requested leave to file a motion for reconsideration. Therefore, the instant motion fails for this reason alone.

Even if plaintiff were to seek leave to file a motion for reconsideration, the motion would still be denied. Plaintiff argues that this court's order denying his request for interim benefits is improper because the court should have followed Lightfoot v. Matthews, 430 F. Supp. 620 (N.D. Cal. 1977). Lightfoot is inapposite. It has nothing to do with the payment of interim benefits. Moreover, Lightfoot is not a decision of the Ninth Circuit Court of Appeals, the Federal Circuit Court of Appeals, or the U.S. Supreme Court; and, contrary to plaintiff's assertion, it is not binding upon this court. Nor is it persuasive authority for reconsideration of this court's decision that 42 U.S.C. § 423(g) does not provide statutory authority for payment of interim benefits to plaintiff.

Plaintiff also takes issue with the court's determination that 42 U.S.C. § 423(h) does not provide statutory authority for payment of interim survivor benefits at issue in this lawsuit. Plaintiff says that the statute authorizes interim payment of his claim to survivor benefits because the Social Security Administration (SSA) previously has determined that he is entitled to disability benefits. The plain language of § 423(h), however, indicates that the statute applies in situations where an administrative law judge (ALJ) has determined that a claimant is entitled to the particular benefits being claimed---here, survivor benefits. 42 U.S.C. § 423(h)(1). Plaintiff's repeated attempts to conflate the survivor benefits at issue with the disability benefits he already receives are unpersuasive. Plaintiff points out that, pursuant to this court's remand order, the SSA vacated the ALJ's prior decision denying his claim for survivor benefits. The fact remains, however, that an ALJ has not determined that plaintiff is entitled to those benefits, which are the only ones at issue in this litigation.

Plaintiff disagrees with the court's conclusion that, absent explicit statutory authorization, district courts cannot use remedial powers to order the Commissioner to pay interim benefits; and, he points out that there are other decisions that support his view. This court has already noted that

courts disagree on that issue and stated its agreement with those that conclude district courts cannot use remedial powers to order the Commissioner to pay interim benefits. Plaintiff has not persuaded the court that its prior decision warrants reconsideration.

Plaintiff surmises that this court has conspired with defendant to deny his requests for interim payment of survivor benefits. He believes this is so because this court's prior orders cite decisions that were not cited by defendant. To the contrary, this court simply reviewed and considered plaintiff's arguments, researched the law, and concluded that the law does not support his request for payment of interim benefits.

Plaintiff's request for reconsideration is denied.

SO ORDERED.

Dated:   December 7, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

5:13-cv-03504-HRL Notice has been electronically mailed to:

Lynn M. Harada     Lynn.Harada@ssa.gov, ODAR.OAO.COURT.1@ssa.gov, sf.ogc.ndca@ssa.gov

Steven Michael Goldstein     GoldyCISSP@hotmail.com