UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN MICHAEL GOLDSTEIN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>Defendant. | Case No. 5:13-cv-03504-HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 84, 90, 91, 92 |

Plaintiff Steven Goldstein appeals a final decision by defendant Commissioner of Social Security (Commissioner) denying his application for benefits under Title II of the Social Security Act (Act). As will be discussed, this matter presents solely a legal issue as to whether plaintiff can collect, simultaneously and without any reduction, both disability insurance benefits on his own earnings record and child disability benefits on the earnings record of his (now deceased) father. The parties have filed cross-motions for summary judgment, and the matter was submitted without oral argument. Upon consideration of the moving and responding papers, and for the reasons set forth below, plaintiff's motion is denied and defendant's motion is granted.[1]

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

**BACKGROUND**

Plaintiff was born in 1967. He receives disability insurance benefits pursuant to an application he submitted in 1992, alleging that he was unable to work since September 24, 1990.

Plaintiff's father passed away on February 6, 2007. On August 24, 2010, plaintiff submitted a survivor's claim for child disability benefits. (AR 32-33). The Social Security Administration (SSA) denied that claim on the ground that plaintiff was already entitled to an equal or larger benefit on his own earnings record. (*Id*. 34-36, 46-48). Plaintiff requested a hearing with an administrative law judge (ALJ), and a hearing was held on June 21, 2011. In July 2011, the ALJ issued a decision upholding the denial of plaintiff's claim, concluding that 42 U.S.C. § 402(k)(3)(A) and 20 C.F.R. § 404.407(a) permitted plaintiff to collect only the highest benefit available, and that the amount of his disability insurance benefit was higher than the amount of child's benefits payable on his father's earnings record. (AR 62-63).[2] The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the Commissioner's final decision.

Plaintiff then filed the present action for judicial review. The matter was remanded pursuant to 42 U.S.C. § 405(g) sentence six, after defendant advised that the Commissioner was unable to locate the administrative record. (Dkt. 23). Subsequently, on April 17, 2015, the court issued an order directing the Commissioner, within 180 days from the order, to either re-create the administrative record or remand the matter to an ALJ to reconstruct the record and offer plaintiff a new hearing. (Dkt. 45). On July 24, 2015, the Appeals Council advised plaintiff that, despite an extensive search, the Commissioner was not able to locate all of the administrative record. Accordingly, the Appeals Council vacated the Commissioner's decision and remanded the case to an ALJ for a hearing and a new decision. (AR 127-129).

A hearing was held on October 4, 2016. Plaintiff was given an opportunity to submit additional evidence, and the ALJ held the record open for two weeks after the hearing for receipt

---

[2] Plaintiff argues that the ALJ improperly based her decision on section 202(d)(1)(c) of the Act (AR 58). That section, however, appears to have been mentioned by way of background and was not the basis of her holding.

of documents. (AR 213-14). Her March 8, 2017 decision notes that the present record is the best possible reconstruction of the prior administrative record. (AR 8).

The ALJ once again found that plaintiff was not entitled to additional child disability benefits. She concluded that the prior 2011 decision was correct and incorporated it by reference. (AR 6-12, 197-237). According to the ALJ, 42 U.S.C. § 402(k)(3)(A) required the SSA to reduce the claimed child disability benefits by the amount of disability benefits plaintiff already was receiving. (AR 10). Because she found that plaintiff was entitled to a higher rate of disability benefits on his own record than any child disability benefit for which he might be eligible, she concluded that plaintiff was not entitled to any additional child disability benefits. (AR 11-12). Additionally, she found that 42 U.S.C. § 402(k)(2)(B)[3] did not prohibit the SSA from reducing disability insurance benefits or child disability benefits in order to prevent dual entitlement. (AR 9).

The court subsequently granted the Commissioner's request to reopen the present action. (Dkt. 76). The Commissioner submitted the certified administrative record and moved to dismiss, or alternatively for summary judgment. Plaintiff opposed that motion. The court issued an order giving plaintiff an opportunity to file a cross-motion for summary judgment. (Dkt. 89). He has done so. Although plaintiff expresses concern that his childhood medical records are not in the administrative transcript, the only issue before the court is a purely legal one: whether the ALJ properly interpreted and applied the law in denying plaintiff's claim for concurrent payment of disability insurance benefits and child disability benefits, without reduction. The parties' motions having been fully briefed, the matter is deemed submitted without oral argument. Upon consideration of the moving and responding papers, as well as the record in this case, the court denies plaintiff's motion for summary judgment and grants defendant's motion for summary judgment.

---

[3] Both sides sometimes refer to this section with a lower case "b." However, there is no "402(k)(2)(b)," and it is apparent from the parties' arguments that they are referring to 402(k)(2)(B).

3

**DISCUSSION**

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision to deny benefits. Generally, the standard of review provides that the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance---it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *see also Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). When determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257*; Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

This particular case, however, presents solely a legal issue. As previewed above, the parties dispute whether plaintiff is entitled to both disability insurance benefits on his own earnings record and child disability benefits on his father's earnings record, simultaneously and without reduction. The Commissioner maintains that 42 U.S.C. § 402(k)(3)(A) requires the SSA to offset child disability payments when an individual, such as plaintiff, is also entitled to disability insurance benefits. She noted that her conclusion is supported by federal regulations and by the SSA's Program Operations Manual System (POMS) DI10115.001. Plaintiff argues that defendant is misconstruing and misapplying the law and therefore, the POMS is also incorrect.

42 U.S.C. § 402(k)(3)(A) provides:

> If an individual is entitled to an old-age or disability insurance benefit for any month and to any other monthly insurance benefit for such month, such other insurance benefit for such month, after any reduction under subsection (q), subsection (e)(2) or (f)(2), and any reduction under section 403(a) of this title, shall be reduced, but not below zero, by an amount equal to such old-age or disability insurance benefit (after reduction under such subsection (q)).

The referenced subsection (q) refers to reductions for beneficiaries of old-age, wife's, husband's,

4

widow's, or widower's insurance benefits. The referenced subsection (e)(2) concerns widow's insurance benefits, and the referenced subsection (f)(2) concerns widower's insurance benefits. The referenced section 403(a) refers to certain maximum primary insurance amounts. The court agrees that the plain text of the statute means that when an individual is entitled to an old-age or disability insurance benefit, and to any other monthly insurance benefit, that other insurance benefit "shall be reduced, but not below zero, by an amount equal to such old-age or disability insurance benefit." 42 U.S.C. § 402(k)(3)(A).

Plaintiff argues that 42 U.S.C. § 402(k)(3)(A) does not apply to child disability benefits. He says this is so because the clause "after any reduction under subsection (q), subsection (e)(2) or (f)(2), and any reduction under section 403(a)" means that the reduction addressed by the statute pertains only to benefits involving a wife or husband. However, section 402(k)(3)(A) does not exclude any types of benefits, but instead broadly applies to an individual entitled to "old-age or disability insurance benefit for any month and to *any other monthly insurance benefit* for such month . . . ." The clause highlighted by plaintiff indicates that if the "other monthly insurance benefit" is old-age, wife's, husband's, widow's, or widower's insurance benefits, then the other benefit would first be subject to reductions applicable to those types of benefits, and would then be further reduced, but not below zero, by an amount equal to the old-age or disability insurance benefit the individual is entitled to receive. Thus, plaintiff is not excluded from the benefits reduction under § 402(k)(3)(A); the language he cites simply means that his benefits may not qualify for the additional reductions applicable under subsections (q), (e)(2), (f)(2), or section 403(a).

Plaintiff nevertheless contends that 42 U.S.C. § 402(k)(2)(B) prevents the SSA from reducing disability insurance benefits. That statute provides:

> Any individual (other than an individual to whom subsection (e)(3) or (f)(3) applies) who, under the preceding provisions of this section and under the provisions of section 423 of this title, is entitled for any month to more than one monthly insurance benefit *(other than an old-age or disability insurance benefit)* under this subchapter shall be entitled to only one such monthly benefit for such month, such benefit to be the largest of the monthly benefits to which he (but for this subparagraph) would otherwise be entitled for such month. Any individual who is entitled for any month to more than one widow's or widower's insurance benefit to which subsection

5

(e)(3) or (f)(3) applies shall be entitled to only one such benefit for such month, such benefit to be the largest of such benefits.

(emphasis added). He argues that the parenthetical language "(other than an old-age or disability insurance benefit)," establishes that the requirement that a claimant be paid only the largest benefit does not apply to old-age or disability insurance benefits. He further contends that the subsection relied upon by the Commissioner, § 402(k)(3)(A), cannot override § 402(k)(2)(B). However, § 402(k)(3)(A) and § 402(k)(2)(B) appear to address reductions applicable to different things. The quoted parenthetical language in § 402(k)(2)(B) indicates that this subsection applies only to individuals who are entitled to more than one monthly benefit other than an old-age or disability insurance benefit. As noted above, plaintiff has been receiving disability insurance benefits. The ALJ did not err in concluding that § 402(k)(2)(B) does not prohibit the SSA from reducing benefits in order to prevent dual entitlement.

The ALJ noted that her decision is supported by regulation 20 C.F.R. § 404.407(a). The Commissioner points out that § 404.407(a) reiterates the offset set forth in 42 U.S.C. § 402(k)(3)(A) and provides:

> (a) Entitlement to old-age or disability insurance benefit and other monthly benefit. If an individual is entitled to an old-age insurance benefit or disability insurance benefit for any month after August 1958 and to any other monthly benefit payable under the provisions of title II of the Act (see subpart D of this part) for the same month, such other benefit for the month, after any reduction under section 202(q) of the Act because of entitlement to such benefit for months before retirement age and any reduction under section 203(a) of the Act, is reduced (but not below zero) by an amount equal to such old-age insurance benefit (after reduction under section 202(q) of the Act) or such disability insurance benefit, as the case may be.

Additionally, defendant points out that 20 CFR 404.401(a)(3) provides: "A reduction of a person's monthly benefit is required where . . . An individual is entitled to old-age or disability insurance benefits in addition to any other monthly benefit (see § 404.407)."

Plaintiff contends that the ALJ erred by failing to consider 20 C.F.R. § 404.407(e). He argues that 20 C.F.R. § 404.407(a) was reversed by 20 C.F.R. § 404.407(e), which provides:

> (e) Entitlement to more than one benefit where ***not all benefits are child's insurance benefits and no benefit is an old-age or disability insurance benefit***. If an individual (other than an individual to whom section 202 (e)(4) or (f)(5) of the Act applies) is entitled for any month to more than one monthly benefit payable under the provisions of this subpart, ***none of which***

6

> *is an old-age or disability insurance benefit and all of which are not child's insurance benefits*, only the greater of the monthly benefits to which he would (but for the provisions of this paragraph) otherwise be entitled is payable for such month. For months after August 1965, an individual who is entitled for any month to more than one widow's or widower's insurance benefit to which section 202 (e)(4) or (f)(5) of the Act applies is entitled to only one such benefit for such month, such benefit to be the largest of such benefits.

(emphasis added). He contends that while 20 C.F.R. § 404.401(a)(3) and 20 C.F.R. § 404.407(a) might establish a general rule for offsetting benefits, he argues that he falls within an exception. Additionally, he says that regulations must be taken in order and that the last applicable regulation (§ 404.407(e)) necessarily overrides § 404.407(a). However, subsection (a) of the regulation remains in full force and effect. Moreover, the plain language of subsection (e) demonstrates that it does not apply to plaintiff. Rather, subsection (e) applies to "Entitlement to more than one benefit where not all benefits are child's insurance benefits *and no benefit is an old-age or disability insurance benefit*." 20 C.F.R. § 404.407(e) (emphasis added). In any event, the effect of subsection (e) is that an individual is entitled to "only the greater of the monthly benefits to which he would (but for the provisions of this paragraph) otherwise be entitled is payable for such month." *Id*. The court finds no error by the ALJ here.

Citing *Chevron USA, Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), plaintiff contends that the SSA has no discretion to determine his entitlement to disability insurance benefits. He also argues that the court must take into consideration the legislative history of 42 U.S.C. § 402. In reviewing a federal agency's interpretation of a statute that it administers, the court must determine whether "the intent of Congress is clear" as to "the precise question at issue." *Chevron*, 467 U.S. at 842. If, by "employing traditional tools of statutory construction," *id.* at 843 n. 9, the court determines that Congress' intent is clear, "that is the end of the matter." *Id.* at 842. Additionally, when the text of the statute is unambiguous, reference to legislative history is inappropriate. *United States v. Sioux*, 362 F.3d 1241, 1246 (9th Cir. 2004). Here, the plain language of 42 U.S.C. § 402(k)(3)(A) is unambiguous and indicates that the statute applies to plaintiff and provides that he is not entitled to both disability insurance benefits and child disability benefits, simultaneously and without reduction. Defendant's interpretation and application of the statute is both lawful and reasonable, and the ALJ did not err.

Plaintiff nevertheless argues that the ALJ was biased against him. ALJs "are presumed to be unbiased." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). "This presumption can be rebutted by a showing of conflict of interest or some other reason for disqualification." *Id*. at 857-58. Plaintiff contends that the ALJ was hostile and disrespectful during the October 4, 2016 hearing. His argument is based on the following exchange:

> ALJ: Good morning, Mr. Goldstein.
>
> CLMT: Good morning.
>
> ALJ: How are you?
>
> CLMT: Well, there's a couple of issues that need to be addressed, first off.
>
> ALJ: No, first of all, I'm in charge.

(AR 199). "But, 'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display' do not establish bias." *Rollins*, 261 F.3d at 858 (quoting *Liteky v. United States*, 510 U.S. 540, 555-56 (1994)). To prove bias, a plaintiff must "show that the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'" *Id*. (quoting *Liteky*, 510 U.S. at 551). The comment made during the October 4, 2016 does not rise to that level.

**ORDER**

Based on the foregoing, the court finds no error in the ALJ's decision to deny plaintiff's request for benefits. Plaintiff's motion for summary judgment therefore is denied and defendant's motion for summary judgment is granted. The Clerk of the Court shall enter judgment accordingly and close this file.

SO ORDERED.

Dated: May 30, 2018

HOWARD R. LLOYD
United States Magistrate Judge